UNITED STATES DISTRICT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                              CASE NO. 0:13-cv-23542-RSR
PAUL RICHARD CAPUTO

      Appellant

v

CAMILE CAPUTO,

      Appellee
_____/

ON APPEAL FROM THE UNTIED STATES BANKRUPTCY SOUTHERN DISTRICT OF FLORIDA MIAMI DIVISION

_____

**BRIEF OF APPELLANT**

_____

                                      LAW OFFICES OF MICHAEL J. BROOKS, MICHAEL A. FRANK
                                                & RODOLFO H. DE LA GUARDIA, JR.
                                                Attorneys for the Appellant
                                                Suite 620 • Union Planters Bank Building
                                                10 Northwest LeJeune Road
                                                Miami, FL 33126-5431
                                                Telephone (305) 443-4217
                                                Facsimile (305) 443-3219
                                                Email- Mfrank@bkclawmiami.com

                                                By  /s/ Michael A. Frank
                                                    Michael A. Frank
                                                    Florida Bar No. 339075

October 15, 2013

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................ii

JURISDICTIONAL STATEMENT.......................................................................................iii

STATEMENT OF ISSUES ON APPEAL.............................................................................iii

REQUEST FOR ORAL ARGUMENT..................................................................................iii

STATEMENT OF THE CASE...............................................................................................iii

SUMMARY OF THE CASE....................................................................................................1

PROCEDURAL HISTORY......................................................................................................1

STATEMENT OF FACTS........................................................................................................1

SUMMARY OF ARGUMENT.............................................................................................1-2

ARGUMENT........................................................................................................................2-7

CONCLUSION.........................................................................................................................8

CERTIFICATE OF SERVICE.................................................................................................8
.

## **TABLE OF AUTHORITIES**

**Federal Cases**

*Cummings v. Cummings*, 244 F.3d 1263, 1265 (11th Cir. 2001)

## JURISDICTIONAL STATEMENT

This is an appeal from an Order Overruling Debtor's Objection to Claim No. 2 filed by Camile Caputo [ECF 117] and denial of the Debtor's Motion to Reconsider Order Overruling Debtor's Objection to Claim No. 2 filed by Camile Caputo, [ECF 133]. This Notice of Appeal was filed timely and therefore is ripe for this Court's determination.

## STATEMENT OF ISSUES ON APPEAL

Whether the Bankruptcy Court abused it's discretion and erred in failing to find that the debt owed to Camile Caputo was in the nature of equitable distribution rather than in the nature of alimony or support.

## REQUEST FOR ORAL ARGUMENT

Appellant requests oral argument.

## STATEMENT OF THE CASE

This appeal arises from the lower Court's Order Overruling Debtor's Objection to the claim field by the Debtor's ex- wife, Camile Caputo, [ECF 117] and from the denial of the Debtor's Motion to Reconsider Order Overruling Debtor's Objection to Claim No. 2 filed by Camile Caputo, [ECF 133]. The Debtor contends that the debt owed to his ex wife, Camile Caputo, in the approximate amount of $200,000.00, is equitable distribution, which would be treated as a general unsecured claim and dischargeable upon the completion of the Debtor's Chapter 13 Plan. The Bankruptcy Court found that the debt owed to Camile Caputo was in the nature of alimony or support and therefore not equitable distribution and therefore must be treated as priority claim and paid in full over the life of the Debtor's Chapter 13 plan.

## SUMMARY OF THE CASE

The issue to be determined by this Court is whether or not the Bankruptcy Court abused it's discretion in overruling the Debtor's Objection to the Claim filed by the Debtor's ex-wife, Camile Caputo. The Debtor objected to Claim No. 2, filed by Camile Caputo and alleged that the debt due to the ex-wife, Camile Caputo, was a dischargeable equitable distribution and not in the nature of alimony or support. Camile Caputo's claim was filed as a priority claim in the nature of alimony and support, which is a priority debt, which must be paid in full in the Debtor's Chapter 13 Plan.

## PROCEDURAL HISTORY

This case was commenced by the filing of a voluntary petition under Chapter 13 of Title 11, United States Bankruptcy Code on May 30, 2012, [ECF 1]. The Debtor objected to Camile Caputo's Claim No. 2, on February 15, 2013 [ECF 85]. The Bankruptcy Court, by it's Order, dated June 13, 2013, overruled Debtor's Objection to Claim No. 2 filed by Camile Caputo, [ECF 117]. The Debtor appealed the Bankruptcy Court's decision on June 26, 2013, [ECF 120] and it's denial of the Debtor's Motion to Reconsider Order Overruling Debtor's Objection to Claim No. 2 filed by Camile Caputo, [ECF 133].

## STATEMENT OF FACTS

The facts of the case are included in the other parts of Appellant's brief.

## SUMMARY OF ARGUMENT

The sole question this Court needs to decide is whether or not the Bankruptcy Court abused it's discretion in determining that the debt owed by the Debtor, Paul Caputo, to the Debtor's ex-wife, Camile Caputo, is a dischargeable equitable distribution or a non-dischargeable priority domestic support obligation. The Court conducted an Evidentiary hearing on May 16, 2013, with

1

reference to the intent of the parties to determine whether or not this was a priority domestic support obligation or a dischargeable equitable distribution. All the Exhibits submitted by the creditor were admitted into evidence, creditor's Exhibits C-1 though C-10. The Debtor contends that the Exhibits and the evidence presented are clear in evidencing the intent of the parties debt, that the debt due to debtors' ex-wife, Camile Caputo, is a dischargeable equitable distribution.

## **ARGUMENT**

The Debtor's Chapter 13 case began with the filing of his chapter 13 Petition on May 30, 2012. The Debtor's Chapter 13 plan, [DE 12], originally contained a provision that stated "approximately $180,000.00 is owed to the Debtor's former wife, Camile Caputo, is (sic) equitable distribution. This amount will be treated as general unsecured debt and will be discharged upon completion of this case".

The debtor's ex-wife, Camile Caputo, filed a proof of claim, claim number 2, which claimed an amount due to her of $210,000.00 and designated it a priority claim. A priority claim must be provided for in the Debtor's Chapter 13 plan, which would have to be paid at 100% of the claimed amount. The Debtor filed an objection to the creditor's claim, [D.E. 85], and the Court set the objection to claim for Evidentiary hearing, by Court Order, [D.E. 104].

At the conclusion of the evidentiary hearing on May 16, 2013, the Honorable A. Jay Cristol took the case under advisement and subsequently entered an Order Overruling the Debtor's Objection to Claim Number 2 filed by Camile Caputo, on June 12, 2013, [D.E. 117]. The Court then denied the Debtor's Motion to Reconsider Order Overruling Debtor's Objection to Claim No. 2 filed by Camile Caputo, [ECF 133].

The Court based it's determination after review of the applicable case law, See *Cummings v. Cummings*, 244 F.3d 1263, 1265 (11th Cir. 2001), which provides basically that the determination of whether a debt is in the nature of alimony or support, as opposed to an equitable distribution, is an issue of Federal Law. Bankruptcy Courts cannot rely solely on the labels used by the parties in their agreements, but may look beyond the labels to examine whether the debt is in the nature of alimony or support.

The Court found, based upon the evidence presented, that the debt due to Camile Caputo, in the amount $180,350.00, is in the nature of alimony of support and a non-dischargeable domestic support obligation, which would have to be paid 100% through the Debtor's Chapter 13 Plan. Appellant submits that this finding belies the actual evidence as presented by the parties' and their testimony.

The Court found that Camile Caputo relied upon a letter agreement dated April 2007, (Exhibit C-8). The creditor, Camile Caputo, testified regarding Exhibit C-8, starting at Page 26 Lines 1 through 25, Page 27, Lines 1 through 7, of the transcript, after being questioned by Debtor's counsel.

Q. Okay. This agreement stated that, and it is signed by both you and Mr. Caputo; correct?

A. Yes.

Q. It states that, I, Paul Caputo, agree that in the event of a dissolution of marriage, which means there was no divorce pending at that time; right?

A. Uh-huh. This was the first document I signed, and then I had to sign the loan documents and then I had to sign the marriage--divorce document.

Q. But there was no divorce pending at this time, in April of 2006. You were not divorced yet?

A. He kept the papers in his office. I didn't realize that until I –

3

Q. I'm asking you a specific question. In April of 2007, you were not divorced?

A. We were not legally divorced, but the papers were signed.

Q. Okay. Now it also says in here, based upon your testimony, you said that you were supposed to be getting paid this hundred twenty thousand dollars because of the equity in the house, correct?

A. And because I singed on it. Why would I sign a loan if –

Q. Okay. If you read this paragraph it says that Mr. Caputo will pay to Camile Caputo on or before the closing of the sale of that real property; correct?

A. Correct.

Q. Was the property ever sold?

A. He never put it on the market.

Q. Was the property ever sold?

A. I don't know what happened to the property.

Exhibit C-1, the Final Judgement of Divorce and Marital Settlement Agreement, was also admitted into evidence. The Marital Settlement Agreement, which was signed by Camile Caputo, had a specific provision on Page 10 of the agreement. Ms. Caputo was questioned about that paragraph beginning on Page 27, Lines 8 through 21, of the transcript.

Q. Okay. Now, you also – I'm going to refer you to Exhibit Number 1, which is the actual marital settlement agreement. This document was signed in June of 2007?

A. Okay.

Q. In paragraph – I'm sorry. In Page 10 of this agreement, I think you referred to that before, that paragraph that starts off with XIV, Alimony, you had specifically waived any right or entitlement to alimony, correct?

A. That's what that says, yes.

Q. Okay. And you signed this agreement, did you not?

A. Yes.

As further evidence of Camile Caputo's intent that this agreement was to be equitable distribution, the Martial Settlement Agreement, creditor Exhibit No. C-1, on Page 4 of 23 in Paragraph VI, <u>Entire Understanding</u>, states in the middle of the paragraph: Any prior agreements, statements, promises or representations between the parties, whether written or oral, are hereby revoked and held void and unenforceable.

The creditor, Camile Caputo, also testified that the Marital home was owned by Mr. Caputo prior to their marriage. See Page 28, Lines 19 through 21, of the transcript.

The Court also admitted Exhibit C-9. The Addendum to the Marital Settlement Agreement. The creditor, Camile Caputo, testified, beginning on Page 30, Lines 19 through Lines 25, Page 31, Lines 1 through 25 and Page 32, Lines 1 through 4, of the transcript.

Q. Okay. Now I'm going to point you to again, it's Exhibit Number 9, I believe. That's the addendum to the Marital Settlement Agreement. Are you familiar with that document?

A. Yes.

Q. That was just recently signed in December 2012?

A. Yes.

Q. Did you have a lawyer at that time?

A. I did.

Q. Okay. I point you to Paragraph 13. It states in Paragraph 13 that the former husband has filed for bankruptcy. We all know that to be true. The former wife was therefore not able to proceed with the motion to enforce the parties' martial settlement agreement– of course,

5

that's, as we know, that you couldn't do that anyway, as it relates to funds owed to her by the former husband pursuant to Paragraph XVIII, Paragraph B, of the agreement.

The former husband acknowledges that he owes the former wife the sum of $210,000.00 as an equitable distribution. You signed this, didn't you?

A. Yes.

Q. And you had a lawyer at this time?

A. Yes, a family lawyer.

Q. You had a lawyer represent you at the time you signed this agreement?

A. Regarding our child support that he has placed in arrears.

Q. I'm not talking about child support. I'm pointing you to the Paragraph 13, which talks about this $210,000 as an equitable distribution. You signed this agreement, didn't you?

A. Yes.

Q. Under advice form an attorney; correct?

A. Yes.

Camile Caputo's testimony was clear that she signed the addendum to the Marital Settlement Agreement, that she was represented by a lawyer, and signed the agreement under advice from an attorney. This testimony is in direct conflict with the finding of the Bankruptcy Court, wherein Judge Cristol found that "Camile Caputo was not represented by counsel at all relevant times" (Court Order Overruling Debtor's Objection to Claim Number 2, filed by Camile Caputo, [ECF 117] See Page 4 Paragraph K).

Further, the Court also admitted Exhibit No. C-10, the document titled Caputo and Caputo Equitable Distribution Payments to Wife per MSA (Marriage Settlement Agreement). Camile

Caputo testified that this was a list of payments drafted by herself with a list of all payments made, pursuant to the parties' agreement as to equitable distribution, per their Marital Settlement Agreement. (See Transcript at Page 32, Lines 5 through 21).

Exhibit Number C-8 is the only written document that seems to buttress Ms. Caputo's argument that she was not waiving alimony. The agreement stated that this money would be paid on or before "the closing of the sale of the real property". The property was never sold and ultimately foreclosed. All the other documents, the Marital Settlement Agreement, (Exhibit No. C-1), stated that the parties had independent legal advice and that all prior agreements were null and void and had no force or effect on any party. The State Court agreement, Addendum to the Marital Settlement, was signed after Exhibit Number C-9.

The Court found that Camile Caputo was not represented by counsel at all relevant times. Camile Caputo testified that she was, in fact, represented at the signing of the State Court agreement, Addendum to the Marital Settlement, (Exhibit C-9). This agreement specifically stated that this debt was in the nature of equitable distribution. Further, Exhibit No. C-10, which showed proof of payments made by the Debtor, Paul Caputo, could not be a self serving document, as the Court stated, (ECF 117, top of Page 3) because this was written by Camile Caputo, and not by the Debtor. (See Transcript , Page 32, Lines 5 through 21 ). This document is not a self serving document of the Debtor, but an admission against interest by Camile Caputo.

All the evidence presented and admitted, other than Exhibit No. C- 8, which was signed prior to all the other documents executed by the parties,  clearly shows that the intention of the parties was that this debt was not supposed to be lump sum alimony, but indeed equitable distribution.

## CONCLUSION

Based upon the foregoing, Appellant requests that the Bankruptcy Court's decision overruling Debtor's Objection to Claim No. 2 filed by Camile Caputo, be reversed, and that this case be remanded to the Bankruptcy Court for further proceedings, based upon this Court's Review and that the debt owed to Camile Caputo is found to be in the nature of equitable distribution, and therefore, a dischargeable unsecured debt to be discharged upon completion of the Debtor's Chapter 13 Plan.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A) and that a true and correct copy of the foregoing was sent by e-mail to Eduardo Dieppa, III, Esquire, at edieppalaw.com and those set forth in the NEF, this 15th day of October 2013.

> LAW OFFICES OF MICHAEL J. BROOKS, MICHAEL A. FRANK
> & RODOLFO H. DE LA GUARDIA, JR.
> Attorneys for the Appellee
> Suite 620 • Union Planters Bank Building
> 10 Northwest LeJeune Road
> Miami, FL 33126-5431
> Telephone (305) 443-4217
> Facsimile (305) 443-3219
> Email-Mfrank@bkclawmiami.com
>
> By  /s/ Michael A. Frank
>      Michael A. Frank
>      Florida Bar No. 339075